**David S Kohm**
1414 W. Randol Mill Rd., Suite 118
Arlington, TX 76012

Bar Number: 11658563
Phone: (817) 861-8400

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | | |
|---|---|---|---|
| In re: **Tamesha Monique Mooring** | xxx-xx-4677 § | Case No: | |
| 4008 Bear Brook Drive | § | Date: | **4/1/2019** |
| Lancaster, TX  75146 | § | | |
| | § | Chapter 13 | |
| | § | | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

**DISCLOSURES**

☑ This *Plan* does not contain any *Nonstandard Provisions.*

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order").  All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

| | | | |
|---|---|---|---|
| Plan Payment: | **$2,915.00** | Value of Non-exempt property per § 1325(a)(4): | **$0.00** |
| Plan Term: | **60 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: | **$174,900.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: | **36 months** | | |

Case No:
Debtor(s): **Tamesha Monique Mooring**

---

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim. Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

**SECTION I
DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
FORM REVISED 7/1/17**

A. **PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

__$2,915.00__ per month, months __1__ to __60__.

For a total of __$174,900.00__ (estimated "*Base Amount*").

First payment is due __5/1/2019__ .

The applicable commitment period ("ACP") is __36__ months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: __$0.00__ .

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: __$0.00__ .

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than: __$0.00__ .

B. **STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are __$0.00__ and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

C. **ATTORNEY FEES:** To __Law Office of David S Kohm & Associates__ , total: __$3,700.00__ ; __$600.00__ Pre-petition; __$3,100.00__ disbursed by the *Trustee*.

Case No:
Debtor(s):  **Tamesha Monique Mooring**

_____

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Flagstar Bank, F.S.B.** Homestead | $40,852.80 | 4/1/2019 | 0.00% | Month(s) 1-60 | Pro-Rata |

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| **Flagstar Bank, F.S.B.** Homestead | 58 month(s) | $1,847.49 | 7/1/2019 |

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Flagstar Bank, F.S.B.** Homestead | $3,694.98 | 5/1/2019 - 6/1/2019 | 0.00% | Month(s) 1-60 | Pro-Rata |

### E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| **Conn's** Refrigerator, Washer, Dryer, TV | $3,932.00 | $2,500.00 | 0.00% | Month(s) 1-60 | $42.00 |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object.  In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

### E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

Case No:
Debtor(s):  Tamesha Monique Mooring

---

**F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

**G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| CSF Servicing | 2013 Kia Sorrento (approx. 170,000 miles) | $14,197.19 |

**H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

**I. SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

**J. UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| AdAstra Recovery Services | $0.00 | |
| Ally Financial | $22,435.00 | |
| Amcol Systems | $0.00 | |
| Appliance Warehouse | $682.00 | |
| AT&T Services, Inc. | $826.00 | |
| Capital Management Services, LP | $0.00 | |
| Capital One Bank (USA), N.A. | $1,165.00 | |
| Comenity Bank/New York & Co. | $552.00 | |
| Commonwealth Financial Systems | $0.00 | |
| Conn's | $1,432.00 | Unsecured portion of the secured debt (Bifurcated) |
| Credit One Bank | $608.00 | |
| Credit Vision | $0.00 | |
| Dallas Postal Credit Union | $1,150.00 | |
| Dallas Postal Credit Union | $977.00 | |

Case No:
Debtor(s):  **Tamesha Monique Mooring**

| | |
|---|---:|
| **Dallas Postal Credit Union** | $2,485.00 |
| **Delta Outsource Group** | $0.00 |
| **Department of Education/Nelnet** | $1,767.00 |
| **Diversified Consultants, Inc.** | $0.00 |
| **Duane Spencer** | $2,125.00 |
| **Enhanced Recovery Corp.** | $0.00 |
| **FBCS** | $0.00 |
| **Financial Recovery Services** | $0.00 |
| **First Choice Emergency Room** | $400.00 |
| **First Choice Emergency Room** | $400.00 |
| **First Choice Emergency Room** | $668.00 |
| **First Choice Emergency Room** | $400.00 |
| **First Choice Emergency Room** | $500.00 |
| **First National Bank of Omaha** | $354.00 |
| **FMA Alliance, LTD** | $0.00 |
| **Franklin Collection** | $0.00 |
| **Frontline Asset Strategies** | $0.00 |
| **IC Systems** | $0.00 |
| **Jefferson Capital Systems, LLC** | $0.00 |
| **Kohl's Department Store** | $610.00 |
| **Lab Corp** | $50.00 |
| **LVNV Funding LLC/Resurgent Capital** | $0.00 |
| **OneMain Financial** | $2,600.00 |
| **Portfolio Recovery & Affiliates** | $0.00 |
| **Radius Global Solutions, LLC** | $0.00 |
| **Rent Recovery Solutions** | $0.00 |
| **Southern Management Corporation #TX0057** | $0.00 |
| **Speedy Cash** | $1,789.00 |
| **Sun loan** | $740.00 |
| **SW Credit Systems, L.P.** | $0.00 |
| **T-Mobile USA, Inc.** | $908.00 |
| **Transworld Systems** | $0.00 |
| **WebBank/Fingerhut** | $609.00 |
| **West Pleasant Emergency Physicians, LLC** | $1,246.00 |
| **Windsong Place Apartments** | $5,381.00 |
| **World Finance** | $1,450.00 |
| TOTAL SCHEDULED UNSECURED: | $54,309.00 |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____ **0%** ____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

Case No:
Debtor(s):  **Tamesha Monique Mooring**

___

**K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

**A. SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

**B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B).  The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C. ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1).  To the extent interest is provided, it will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee.*  Such creditors shall retain their liens.

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan.*  Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3).  To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

Case No:

Debtor(s): **Tamesha Monique Mooring**

---

### E.(1)  SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan.* Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee.*

### E.(2)  SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation.  The principal balance owing upon confirmation of the  *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee.*

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

### F.  SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation.  Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

### G.  DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the  *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

### H.  PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

### I.  CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

### J.  GENERAL UNSECURED CLAIMS TIMELY FILED:

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

Case No:

Debtor(s): **Tamesha Monique Mooring**

---

K. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

L. **CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

M. **ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

N. **POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

O. **CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

P. **CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

Q. **CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

R. **BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

S. **NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

T. **DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Case No:

Debtor(s): **Tamesha Monique Mooring**

---

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

**U.  ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

Case No:
Debtor(s):  **Tamesha Monique Mooring**

___

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

**V.  POST-PETITION CLAIMS:**

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

**W.  TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:**

See the provisions of the General Order regarding this procedure.

Case No:

Debtor(s): **Tamesha Monique Mooring**

---

## SECTION III
## NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

| | |
|---|---|
| **/s/ David S. Kohm** | |
| David S. Kohm, Debtor's(s') Attorney | Debtor (if unrepresented by an attorney) |

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

| | |
|---|---|
| **/s/ David S. Kohm** | **11658563** |
| David S. Kohm, Debtor's(s') Counsel | State Bar Number |

Case No:
Debtor(s):   **Tamesha Monique Mooring**

---

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the     **1st day of April, 2019**     :

(List each party served, specifying the name and address of each party)

Dated:     **April 1, 2019**                         /s/ David S. Kohm
                                                    David S. Kohm, Debtor's(s') Counsel

| | | |
|---|---|---|
| AdAstra Recovery Services<br>7330 W. 33rd St. North, Suite 118<br>Wichita, KS  67205-1880 | Capital Management Services, LP<br>698 1/2 South Ogden Street<br>Buffalo, NY 14206-2317 | Credit One Bank<br>xxxxxxxx5430<br>P.O. Box 98872<br>Las Vegas, NV 89193-8872 |
| Ally Financial<br>xx2446<br>P.O. Box 380901<br>Bloomington, MN  55438 | Capital One Bank (USA), N.A.<br>xxxxxxxx9803<br>P.O. Box 30281<br>Salt Lake City, UT  84130-0281 | Credit Vision<br>1701 W. Northwest Hwy, Ste. 100<br>Grapevine, TX  76051 |
| Amcol Systems<br>P.O. Box 21625<br>Columbia, SC  29221 | Comenity Bank/New York & Co.<br>x3241<br>P.O. Box 182789<br>Columbus, OH  43218-2789 | CSF Servicing<br>xxx2131<br>P.O. Box 888<br>Arlington, TX  76004 |
| Appliance Warehouse<br>x3033<br>3201 W. Royal Lane, Ste 100<br>Irving, Texas 75063 | Commonwealth Financial Systems<br>245 Main St.<br>Dickson City, PA  18519 | Dallas Postal Credit Union<br>xxxx0585<br>13651 Montfort<br>Dallas, TX  75240-4503 |
| AT&T Services, Inc.<br>Karen Cavagnaro, Paralegal<br>One AT&T Way, Room 3A104<br>Bedminster, NJ  07921 | Comptroller of Public Accounts<br>Revenue Accounting Division<br>P.O. Box 13528<br>Austin, TX 78711 | Delta Outsource Group<br>62 N. Central Drive<br>O'Fallon, MO  63366 |
| Attorney General<br>Collection Division/BK Section<br>P.O. Box 12548<br>Austin, TX 78711-2548 | Conn's<br>3295 College St<br>Beaumont, TX 77701-4611 | Department of Education/Nelnet<br>xxxxxxxxxxxxxx2005<br>123 Justison Street<br>Wilmington, DE  19801 |

Case No:
Debtor(s):  **Tamesha Monique Mooring**

---

Diversified Consultants, Inc.
10550 Derwood Pk Blvd., Ste. 309
Jacksonville, FL  32256

Flagstar Bank, F.S.B.
xxxxx5528
5151 Corporate Dr.
Troy, MI  48098-2639

Kohl's Department Store
xxxxxxxx6834
P.O. Box 3115
Milwaukee, WI  53201

Duane Spencer
405 N. Balfour Drive
Cedar Hill, TX  75104

FMA Alliance, LTD
12339 Cutten Rd.
Houston, TX  77066

Lab Corp
P.O. Box 2240
Burlington, NC  27216-2240

Enhanced Recovery Corp.
8014 Bayberry
Jacksonville, Florida 32256

Franklin Collection
2978 W. Jackson St.
Tupelo, MS  38803

Lakeview Loan Servicing, LLC
P.O. Box 2026
Flint, MI  48501

FBCS
330 S. Warminster Rd., #353
Hatboro, PA 19040

Frontline Asset Strategies
2700 Snelling Avenue N, #250
Roseville, MN  55113

LoanCare
A Division of FNF Servicing, Inc.
3637 Sentara Way
Virginia Beach, VA  23452

Financial Recovery Services
P.O. Box 385908
Minneapolis, MN 55438-5908

Hughes, Waters & Askanases, L.L.P.
Three Allen Center
1201 Louisiana St., 28th Floor
Houston, Texas 77002

LVNV Funding LLC/Resurgent Capital
P.O. Box 1269
Greenville, SC  29602

First Choice Emergency Room
P.O. Box 841047
Dallas, Tx  75284-1047

IC Systems
P.O. Box 64378
St. Paul, MN 55164

OneMain Financial
xxxxxxxx3501
P.O. Box 3327
Evansville, IN  47732-3327

First Choice Emergency Room
P.O. Box 847460
Dallas, Tx  75284

Internal Revenue Service
Special Procedures - Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

Portfolio Recovery & Affiliates
Riverside Commerce Center
120 Cord Blvd., Ste. 100
Norfolk, VA 23502

First National Bank of Omaha
xxxxxx7284
P.O. Box 3412
Omaha, NE 68197-3412

Jefferson Capital Systems, LLC
16 McLeland Road
Saint Cloud, MN 56303

Radius Global Solutions, LLC
7831 Glenroy Road, Suite 250-A
Minneapolis, MN 55439

Case No:
Debtor(s):  **Tamesha Monique Mooring**

---

Rent Recovery Solutions
2814 Spring Road, #301
Atlanta, GA  30339

Texas Alcohol Beverage Commission
License & Permit Division
P.O. Box 13127
Austin, TX 78711-3127

William T. Neary
Office of the U.S. Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242

Southern Management Corporation
#TX0057
101 N. Main Street
Greenville, SC 29601

Texas Workforce Commission
Tax Dept. Collection
BK Room 556-A
Austin, TX 78778

Windsong Place Apartments
5771
1110 E. Wintergreen Road
DeSoto, TX  75115

Speedy Cash
Attn: Bankruptcy
P.O. Box 780408
Wichita, KS  67278

Thomas Powers
125 E. John Carpenter Freeway
Suite 1100
Irving, TX 75062-2709

World Finance
xxx1059
P.O. Box 6429
Greenville, SC  29606

Speedy Cash
x1674
2601 S. Hampton Rd.
Dallas, TX  75224

Tom D. Powers
Standing Chapter 13 Trustee
105 Decker Court, Suite 1150
Irving, TX  75062

Sun loan
97
209 W Jefferson St
Waxahachie, TX  75165

Transworld Systems
c/o NCO Financial
507 Prudential Road
Horsham, PA 19044

SW Credit Systems, L.P.
4120 International Parkway, Suite 1100
Carrollton, TX  75007

United States Attorney
1100 Commerce St., 3rd Floor
Dallas, TX 75242

T-Mobile USA, Inc.
Bankruptcy Dept.
P.O. Box 53410
Bellevue. WA 98015-3410

WebBank/Fingerhut
xxxxxxxx6317
6250 Ridgewood Rd.
Saint Cloud, MN  56303

Tamesha Monique Mooring
4008 Bear Brook Drive
Lancaster, TX  75146

West Pleasant Emergency
Physicians, LLC
xxx0108
2600 W. Pleasant Run Rd.
Lancaster, TX  75146-1114

**David S Kohm**
1414 W. Randol Mill Rd., Suite 118
Arlington, TX 76012

Bar Number: **11658563**
Phone: **(817) 861-8400**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**
Revised 10/1/2016

| IN RE: | **Tamesha Monique Mooring** | xxx-xx-4677 | § | CASE NO: |
|---|---|---|---|---|
| | 4008 Bear Brook Drive | | § | |
| | Lancaster, TX 75146 | | § | |
| | | | § | |
| | | | § | |

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS    DATED: 4/1/2019

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| | | |
|---|---:|---:|
| **Periodic Payment Amount** | | **$2,915.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $291.00 | $291.50 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $61.95 | $0.00 |
| **Subtotal Expenses/Fees** | **$357.95** | **$291.50** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$2,557.05** | **$2,623.50** |

**CREDITORS SECURED BY VEHICLES (CAR CREDITORS):**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

Total Adequate Protection Payments for Creditors Secured by Vehicles:   **$0.00**

**CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):**

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| Flagstar Bank, F.S.B. | Homestead | 7/1/2019 | $247,912.59 | $100,500.00 | $1,847.49 |

Payments for Current Post-Petition Mortgage Payments (Conduit):   **$1,847.49**

Case No:
Debtor(s):   Tamesha Monique Mooring

---

**CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: **$0.00**

**TOTAL PRE-CONFIRMATION PAYMENTS**

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$2,557.05** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$1,847.49** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$542.95** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above.  All disbursements which are in a specified monthly amount are referred to as "per mo".  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED:__**4/1/2019**_____

**/s/ David S. Kohm**_____
Attorney for Debtor(s)

---

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

IN RE:  **Tamesha Monique Mooring**  CASE NO.
*Debtor*

CHAPTER  **13**

*Joint Debtor*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on April 1, 2019, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ David S. Kohm**
David S. Kohm
Bar ID:11658563
David S Kohm
1414 W. Randol Mill Rd., Suite 118
Arlington, TX 76012
(817) 861-8400

| | | |
|---|---|---|
| AdAstra Recovery Services<br>7330 W. 33rd St. North, Suite 118<br>Wichita, KS  67205-1880 | AT&T Services, Inc.<br>Karen Cavagnaro, Paralegal<br>One AT&T Way, Room 3A104<br>Bedminster, NJ  07921 | Comenity Bank/New York & Co.<br>x3241<br>P.O. Box 182789<br>Columbus, OH  43218-2789 |
| Ally Financial<br>xx2446<br>P.O. Box 380901<br>Bloomington, MN  55438 | Attorney General<br>Collection Division/BK Section<br>P.O. Box 12548<br>Austin, TX  78711-2548 | Commonwealth Financial Systems<br>245 Main St.<br>Dickson City, PA  18519 |
| Amcol Systems<br>P.O. Box 21625<br>Columbia, SC  29221 | Capital Management Services, LP<br>698 1/2 South Ogden Street<br>Buffalo, NY  14206-2317 | Comptroller of Public Accounts<br>Revenue Accounting Division<br>P.O. Box 13528<br>Austin, TX  78711 |
| Appliance Warehouse<br>x3033<br>3201 W. Royal Lane, Ste 100<br>Irving, Texas 75063 | Capital One Bank (USA), N.A.<br>xxxxxxxx9803<br>P.O. Box 30281<br>Salt Lake City, UT  84130-0281 | Conn's<br>3295 College St<br>Beaumont, TX  77701-4611 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

IN RE: **Tamesha Monique Mooring**     CASE NO.
*Debtor*

    CHAPTER    **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

Credit One Bank
xxxxxxxx5430
P.O. Box 98872
Las Vegas, NV 89193-8872

Duane Spencer
405 N. Balfour Drive
Cedar Hill, TX 75104

Flagstar Bank, F.S.B.
xxxxx5528
5151 Corporate Dr.
Troy, MI 48098-2639

Credit Vision
1701 W. Northwest Hwy, Ste. 100
Grapevine, TX 76051

Enhanced Recovery Corp.
8014 Bayberry
Jacksonville, Florida 32256

FMA Alliance, LTD
12339 Cutten Rd.
Houston, TX 77066

CSF Servicing
xxx2131
P.O. Box 888
Arlington, TX 76004

FBCS
330 S. Warminster Rd., #353
Hatboro, PA 19040

Franklin Collection
2978 W. Jackson St.
Tupelo, MS 38803

Dallas Postal Credit Union
xxxx0585
13651 Montfort
Dallas, TX 75240-4503

Financial Recovery Services
P.O. Box 385908
Minneapolis, MN 55438-5908

Frontline Asset Strategies
2700 Snelling Avenue N, #250
Roseville, MN 55113

Delta Outsource Group
62 N. Central Drive
O'Fallon, MO 63366

First Choice Emergency Room
P.O. Box 841047
Dallas, Tx 75284-1047

Hughes, Waters & Askanases, L.L.P.
Three Allen Center
1201 Louisiana St., 28th Floor
Houston, Texas 77002

Department of Education/Nelnet
xxxxxxxxxxxxxx2005
123 Justison Street
Wilmington, DE 19801

First Choice Emergency Room
P.O. Box 847460
Dallas, Tx 75284

IC Systems
P.O. Box 64378
St. Paul, MN 55164

Diversified Consultants, Inc.
10550 Derwood Pk Blvd., Ste. 309
Jacksonville, FL 32256

First National Bank of Omaha
xxxxxx7284
P.O. Box 3412
Omaha, NE 68197-3412

Internal Revenue Service
Special Procedures - Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

IN RE:  **Tamesha Monique Mooring**　　　　　　　　　　　CASE NO.
　　　　　　　　　　　*Debtor*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER   **13**
　　　　　　　　　　　*Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #2)

---

| | | |
|---|---|---|
| Jefferson Capital Systems, LLC<br>16 McLeland Road<br>Saint Cloud, MN 56303 | Portfolio Recovery & Affiliates<br>Riverside Commerce Center<br>120 Cord Blvd., Ste. 100<br>Norfolk, VA 23502 | SW Credit Systems, L.P.<br>4120 International Parkway, Suite 1100<br>Carrollton, TX 75007 |
| Kohl's Department Store<br>xxxxxxxx6834<br>P.O. Box 3115<br>Milwaukee, WI 53201 | Radius Global Solutions, LLC<br>7831 Glenroy Road, Suite 250-A<br>Minneapolis, MN 55439 | T-Mobile USA, Inc.<br>Bankruptcy Dept.<br>P.O. Box 53410<br>Bellevue. WA 98015-3410 |
| Lab Corp<br>P.O. Box 2240<br>Burlington, NC 27216-2240 | Rent Recovery Solutions<br>2814 Spring Road, #301<br>Atlanta, GA 30339 | Tamesha Monique Mooring<br>4008 Bear Brook Drive<br>Lancaster, TX 75146 |
| Lakeview Loan Servicing, LLC<br>P.O. Box 2026<br>Flint, MI 48501 | Southern Management Corporation<br>#TX0057<br>101 N. Main Street<br>Greenville, SC 29601 | Texas Alcohol Beverage Commission<br>License & Permit Division<br>P.O. Box 13127<br>Austin, TX 78711-3127 |
| LoanCare<br>A Division of FNF Servicing, Inc.<br>3637 Sentara Way<br>Virginia Beach, VA 23452 | Speedy Cash<br>Attn: Bankruptcy<br>P.O. Box 780408<br>Wichita, KS 67278 | Texas Workforce Commission<br>Tax Dept. Collection<br>BK Room 556-A<br>Austin, TX 78778 |
| LVNV Funding LLC/Resurgent Capital<br>P.O. Box 1269<br>Greenville, SC 29602 | Speedy Cash<br>x1674<br>2601 S. Hampton Rd.<br>Dallas, TX 75224 | Thomas Powers<br>125 E. John Carpenter Freeway<br>Suite 1100<br>Irving, TX 75062-2709 |
| OneMain Financial<br>xxxxxxxx3501<br>P.O. Box 3327<br>Evansville, IN 47732-3327 | Sun loan<br>97<br>209 W Jefferson St<br>Waxahachie, TX 75165 | Tom D. Powers<br>Standing Chapter 13 Trustee<br>105 Decker Court, Suite 1150<br>Irving, TX 75062 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

IN RE: **Tamesha Monique Mooring**     CASE NO.
*Debtor*

CHAPTER **13**
*Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #3)

---

Transworld Systems
c/o NCO Financial
507 Prudential Road
Horsham, PA 19044


United States Attorney
1100 Commerce St., 3rd Floor
Dallas, TX 75242


WebBank/Fingerhut
xxxxxxxx6317
6250 Ridgewood Rd.
Saint Cloud, MN 56303


West Pleasant Emergency Physicians, LLC
xxx0108
2600 W. Pleasant Run Rd.
Lancaster, TX 75146-1114


William T. Neary
Office of the U.S. Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242


Windsong Place Apartments
5771
1110 E. Wintergreen Road
DeSoto, TX 75115


World Finance
xxx1059
P.O. Box 6429
Greenville, SC 29606